UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIE A ARNOLD,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>    Defendants. | Case No. 19-cv-04223-SVK<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>Re: Dkt. No. 42 |

In this action, Marie Arnold ("Plaintiff") alleges that the United States of America and the Central Intelligence Agency (collectively, "Defendants") engaged in various tortious and criminal acts against her and her daughters. *See generally* Dkt. 5 ("FAC"). Before the Court is Defendants' motion to dismiss the first amended complaint. Dkt. 42. All parties have consented to the jurisdiction of a magistrate judge. Dkts. 21, 40. Pursuant to Civil Local Rule 7-1(b), the Court deems this motion suitable for determination without oral argument. Based on the Parties' submissions, the case file, and the relevant law, the Court **GRANTS** the motion to dismiss for the reasons discussed below.

### I. BACKGROUND

Plaintiff alleges that Defendants have been targeting and abusing her and her daughters. *See generally* FAC. Plaintiff recites a list of torts and crimes allegedly committed by Defendants, including violations of 42 U.S.C. § 2000dd, 18 U.S.C. § 1961 ("RICO"), and the Eighth Amendment, as well as negligent infliction of emotional distress and fraudulent concealment. *Id.* ¶¶ 1-48. Plaintiff seeks ten million dollars in damages. *See* FAC at 27.

Defendants move to dismiss the amended complaint on the grounds that: (1) this Court lacks subject-matter jurisdiction to hear Plaintiff's claims, pursuant to Federal Rule of Civil Procedure 12(b)(1); and (2) the amended complaint fails to state a claim, pursuant to Federal Rule

of Civil Procedure 12(b)(6). *See* Dkt. 42 at 1.

## II. LEGAL STANDARDS

### A. Rule 12(b)(1)

A complaint may be dismissed pursuant to Federal Rule of Procedure 12(b)(1) for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). A federal court lacks jurisdiction to consider claims that are "essentially fictitious," "wholly insubstantial," "obviously frivolous," or "obviously without merit." *Hagans v. Lavine*, 415 U.S. 528, 537, (1974). Thus, a claim "may be dismissed for want of subject-matter jurisdiction if it is not colorable, *i.e.*, if it is 'immaterial and solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'" *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 n. 10 (2006) (citations and internal quotation marks omitted); *Neitzke v. Williams*, 490 U.S. 319, 327 n. 6 (1989) ("[a] patently insubstantial complaint may be dismissed . . . for want of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)"); *Franklin v. Murphy*, 745 F.2d 1221, 1227 n. 6 (9th Cir. 1984) ("A paid complaint that is 'obviously frivolous' does not confer subject matter jurisdiction").

### B. Rule 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, courts are limited to reviewing "the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice." *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008) (citation omitted). "The court accept[s] the plaintiff[']s allegations as true and construe[s] them in the light most favorable to [the] plaintiff[]." *Id.* (citation and internal quotation marks omitted). The court is not required to accept "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted).

To survive a motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

2

## III. DISCUSSION

Defendants move to dismiss Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction and pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. *See* Dkt. 42 at 1. Specifically, Defendants argue: (1) delusional claims are not sufficient to invoke this Court's subject-matter jurisdiction; (2) the United States has not waived its sovereign immunity for constitutional tort claims; (3) the United States has not waived its sovereign immunity for RICO claims; (4) a private right of action does not exists under 42 U.S.C. § 2000dd; (5) Plaintiff failed to state a tort claim; and (6) a claim under 42 U.S.C. § 1983 cannot be brought against the United States or its agencies. *Id*. Because the Court determines that it lacks subject-matter jurisdiction over Plaintiff's claims, it does not address Defendants' remaining arguments.

### A. This Court Lacks Subject-Matter Jurisdiction to Hear Plaintiff's Claims

Federal courts do not have subject-matter jurisdiction over claims that are "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (quoting *Oneida Indian Nation of N.Y. v. Cty. of Oneida*, 414 U.S. 661, 666 (1974) (internal quotation marks omitted)); *Hagans*, 415 U.S. 528, at 536-37 (noting that federal courts lack subject matter jurisdiction over claims that are "essentially fictitious," "wholly insubstantial," "obviously frivolous," or "obviously without merit"); *Franklin,* 745 F.2d at 1227 n. 6.

In the instant case, Plaintiff makes the following allegations:

> Defendant intentionally permitted handlers contracted unlawful mind control. Plaintiff had raised in California, Plaintiff almost died from MIND Control Handler and mind abduction "women beater handler" and "targeting pregnant women." conspired by Oakland Prison. The plaintiff was using as a battlefield from MINDS. The mind controller and handler induce to infect innocent people and victims. Plaintiff has been aware of their fraudu1ent criminal activity and projects. Plaintiff is victim to this crime, bruises and head force trauma, bullied, emotional distress. Conspired by All Prison or military operation

FAC ¶ 30.

3

> Plaintiff and her family felt like they were sleeping in middle of high power electricity the apartment in Monte Vista. Plaintiff report nail jabbing in sleep. Plaintiff describe torture as cruel and as no one wanted to help. Defendant neglected our compliant of pain and suffering as we are U.S. citizen driven out of our rights for 4th amendment to right to secure in your own home. Pain and suffering intense medical Psychology therapy. Plaintiff requested for antibiotics, I pain in stomach, ears, brain. Plaintiff and daughters cried at nights. Plaintiff hears screaming of people and children torture. People delaying to "move out of state." Plaintiff was force to move Plaintiff struggled mental disability of mind unable to sleep and had fatal insomnia was induced by the government. The plaintiff was induce inflicted emotional distress.

*Id*. ¶ 37.

> The prohibition against cruell (sic) and unusual punishment has led court to hold that the Constitution totally prohibits certain kinds of punishment, such as drawing and quartering. Plaintiff allege Defendant intentionally permitted unlawful cruel torture and degrading over and over and create inflicted emotional distress, psychological mental abuse of trauma, physical abuse, soft tissue brain, organs, Government CIA allowed to share mind with criminals with their tortures.

*Id*. ¶ 48.

As set forth above, Plaintiff's allegations are inherently implausible and are precisely the kind of claims that are subject to dismissal for lack of subject-matter jurisdiction. *See, e.g., Christiana v. United States*, No. SA CV 17–0089–DOC (JCGx), 2017 WL 6512220, at *2 (C.D. Cal. Mar. 29, 2017) (dismissing action where Court determined it lacked jurisdiction over claims that the United States was "electrically shocking parts of Plaintiff's body" and "burglarizing Plaintiff's home" as "inherently implausible and obviously without merit"); *Bivolarevic v. U.S. CIA*, Case No. 09-4620-SBA, 2010 WL 890147, at *1 (N.D. Cal. Mar. 8, 2010) (dismissing action where Court determined it lacked jurisdiction over claims that CIA subjected the plaintiff to "voice to skull technology" as a "mind control weapon"); *O'Brien v. United States Dep't of Justice*, 927 F. Supp. 382 (D. Ariz. 1995), aff'd, 76 F.3d 387 (9th Cir. 1996) (unpublished) (dismissing action for lack of jurisdiction because the allegations were "so bizarre and delusional that they [were] wholly insubstantial").

Plaintiff's claims regarding mind control are implausible and cannot confer subject-matter jurisdiction on this Court. Accordingly, the Court finds that it lacks subject-matter jurisdiction over Plaintiff's claims. *See* Fed. R. Civ. P. 12(h)(3) (declaring that "[i]f the court determines at

4

any time that it lacks subject-matter jurisdiction, the court must dismiss the action").

### B. Leave to Amend Would Be Futile

Federal Rule of Civil Procedure 15(a)(2) states that a court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, "[a] district court acts within its discretion to deny leave to amend when amendment would be futile." *V.V.V. & Sons Edible Oils Ltd. v. Meenakshi Overseas, LLC*, 946 F.3d 542, 547 (9th Cir. 2019) (citation omitted).

Allowing Plaintiff to amend her complaint for a second time would be futile, as more detailed allegations regarding mind control and other alleged conduct would not remedy the inherent issues discussed in Section III.A. Accordingly, the Court finds that leave to amend would be futile. *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) ("Futility of amendment can, by itself, justify the denial of a motion for leave to amend.").

### IV. CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss is **GRANTED** without leave to amend. The Clerk shall close the file.

**SO ORDERED.**

Dated: February 13, 2020

SUSAN VAN KEULEN
United States Magistrate Judge